# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

Jiujiang Xiangmojin Trading Co., Ltd.,
Dongguan Weihuanya Trading Co., Ltd.,
Li Ling,
Hui'an Mubing E-commerce Co., Ltd.,
Yongzhou Qianliren Technology Co., Ltd.,
Xiantao Wensheng Technology Co., Ltd.,
Yongzhou Lengshuitan District Shanqu
Trading Co., Ltd., and
Aqua Home Product Inc.

                Plaintiffs,

     vs.

Interlink Products International, Inc., and
Eli Zhadanov

                Defendants.

Case No.: 24-cv-2034

**COMPLAINT FOR DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

    Plaintiffs Jiujiang Xiangmojin Trading Co., Ltd., Dongguan Weihuanya Trading Co., Ltd., Li Ling, Hui'an Mubing E-commerce Co., Ltd., Yongzhou Qianliren Technology Co., Ltd., Xiantao Wensheng Technology Co., Ltd., Yongzhou Lengshuitan District Shanqu Trading Co., Ltd., and Aqua Home Product Inc. collectively Plaintiffs ("Plaintiffs") respectfully files this Complaint seeking a

declaratory judgment against Defendants Interlink Products International, Inc., and Eli Zhadanov collectively Defendants ("Defendants"), and alleges, upon information and belief, as follows:

## NATURE OF THE CASE

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and the United States Patent Act, 35 U.S.C. § 1, *et seq*. Plaintiffs seek a declaratory judgment that United States Patent No. 11,992,850 ("the '850 Patent") (Exhibit A) is not infringed by Plaintiffs.

## PARTIES

2.      Jiujiang Xiangmojin Trading Co., Ltd., d/b/s WILDJUE Distributor-US, is organized under the laws of the People's Republic of China and has a place of business at 101-34 lianxiquwulijiedaoqianjinanzhixiaoqu15dong, yidanyuan101-34, jiujiangshi jiangxisheng, China, 332000.

3.      Dongguan Weihuanya Trading Co., Ltd., d/b/s WILDJUE, is organized under the laws of the People's Republic of China and has a place of business at dalangzhenjiudunsanxiang72hao101fang, dongguanshi guangdongsheng, China, 523000.

4.      Li Ling, d/b/a HEYIDAGS, is a Chinese citizen and has a residence of guangxibaiseshiyoujiangquyangxuzhenpingweicunliuqintun25hao baiseshi guangxi, China, 533000.

---

5.      Hui'an Mubing E-commerce Co., Ltd., d/b/s MBDZ LLC (Razime), is organized under the laws of the People's Republic of China and has a place of business at Building 25, Unit 602, Keshan Garden, Luocheng Town, Hui'an County, Quanzhou City, Fujian Province, China, 363100.

6.      Yongzhou Qianliren Technology Co., Ltd., d/b/s Pavezo Brand Store, is organized under the laws of the People's Republic of China and has a place of business at No. 105, Building 12, Chunjiang Resettlement Community, Xiahxian Road, Lingjiaoshan Street, Lengshuitan District, Yongzhou City, Hunan Province, China, 425000.

7.      Xiantao Wensheng Technology Co., Ltd., d/b/s Pavezo Store, is organized under the laws of the People's Republic of China and has a place of business at Room 2403, Building 26, Phase 5, Xincheng No. 1, South Side of Taohualing Avenue, Shazui Office, Xiantao City, Hubei Province, China, 433000.

8.      Yongzhou Lengshuitan District Shanqu Trading Co., Ltd., d/b/s Pavezo is organized under the laws of the People's Republic of China and has a place of business at No. 103, Intersection of Wanshou Road and Zhushan Street, Xiahexian Road, Lingjiaoshan Street, Lengshuitan District, Yongzhou City, Hunan Province, China, 425002.

9.     Aqua Home Product Inc., d/b/s Aqua Home Product is organized under the laws of New York and has a place of business at 13626 Boothmemorial Ave, FLUSHING NY 11355 US.

10.     Defendant Interlink Products International, Inc., is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, New Jersey 07036.

11.     Upon information and belief, Defendant ZHADANOV, ELI is an individual residing in Liden, New York. Zhadanov, ELI is the named inventor of U.S. '850 Patent.

## JURISDICTION AND VENUE

12.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et. seq.* and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over the federal law claims in action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over the Defendants in this action at least because Defendants commenced and continues to maintain enforcement proceedings regarding the '850 Patent in this judicial district. *See, e.g.*, *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884-86 (Fed. Cir. 2008) (specific personal jurisdiction satisfied by patentee's "extra-judicial patent enforcement" efforts in forum state). Specifically, Defendants sent a complaint of infringement of the '850 Patent to

Amazon.com, Inc. ("Amazon") that has a place of business at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises out of Defendant's actions directed at this forum, which gives rise to sufficient minimum contacts under Washington's Long-Arm statute. RCW 4.28.185.

14.    For the same reasons, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action took place within this District.

## BACKGROUND

15.    Plaintiffs are popular sellers for shower heads on amazon and as well as through its own website.

16.    On or about November 21 and 22, 2024, Amazon sent notice to Defendants ("the APEX Notice") of Defendants' complaint made pursuant to the APEX Program. See Exhibit C, November 21 and 22, 2024 e-mail from Amazon.com, Neutral Patent Evaluation Team. The APEX Notice accused several products listed on Amazon's marketplace of infringing at least one claim of the '850 Patent, including products having the following Amazon Standard Identification Numbers ("ASINs"):

| Plaintiffs | ASINS | Seller ID |
|---|---|---|
| Jiujiang Xiangmojin Trading Co., Ltd. | B0CSKJQGZ4 | A3JTSXUB6TZO1I |
| Dongguan Weihuanya Trading Co., Ltd. | B0CSKJQGZ4 | ARKTKRPK5YC36 |
| Li Ling | B0BB5DV24G B0B17Z1T5C B0BZJV6DK2 B0BNNDSC5K B09YN8Z2YD | A3NM347YJB8E9X |

| | | |
|---|---|---|
| | B0CCDSXDG9<br>B0B8RWPWYY<br>B0CBKJFTQH<br>B0CBKKCJVF<br>B0CBJM1GX8<br>B0CCDW7GVL<br>B0CBKK84NM<br>B0CSKJQGZ4 | |
| Hui'an Mubing E-commerce Co., Ltd. | B0B17Z1T5C<br>B0BZJV6DK2 | A2M54RZVM7KVX1 |
| Yongzhou Qianliren Technology Co., Ltd. | B09YN8Z2YD | A32Q0FHNWEOE63 |
| Xiantao Wensheng Technology Co., Ltd. | B0BNNDSC5K<br>B0CCDSXDG9<br>B0B8RWPWYY<br>B0CBKJFTQH<br>B0CBKKCJVF<br>B0CBJM1GX8<br>B09YN8Z2YD<br>B0CCDW7GVL<br>B0CBKK84NM | A30DN6TAIRLFG1 |
| Yongzhou Lengshuitan District Shanqu Trading Co., Ltd., | B0BNNDSC5K<br>B09YN8Z2YD | A3VCP54JJ8377O |
| Aqua Home Product Inc. | B0BB5DV24G | ANP5ODRG7YIMM |

17.    The APEX Notice further indicated that "[i]f you do not either resolve your claim with the patent owner directly, or agree to participate in the neutral evaluation process, we will remove the listings at the end of this email from Amazon.com." *Id.* A copy of the Amazon Patent Evaluation Express Procedure included with the APEX Notice is attached at Exhibit D.

18.    The APEX also provides that the filing of a declaratory judgment action for non-infringement will allow Plaintiffs to continue to sell its products as follows: "[I]f

you file a lawsuit against the patent owner for declaratory judgment of non-infringement of the asserted patent, please provide us with a copy of the relevant complaint within the next three weeks, and you may continue selling the items listed at the end of the email which the lawsuit proceeds." Exhibit C.

19.    The APEX Notice to Plaintiffs included a document entitled "Amazon Patent Evaluation Express Agreement" ("APEX Agreement"), which has been executed by Defendants. Exhibit B, Amazon Patent Evaluation Express Agreement. The APEX Agreement identifies claim 1 ("Asserted Claim") as the claim number for evaluation for the '850 Patent. *Id.* at 2.

20.    The Accused Products having the ASINs identified in the APEX Agreement have the following fabrics and/or patterns:

21.    Amazon requires a response to the APEX complaint within three weeks, or the Accused Products will be removed from the Amazon website. Exhibit C. If Plaintiff's responds to the APEX complaint, an evaluator appointed by Amazon will review Defendants' infringement allegations against Plaintiffs, and make a determination as to whether or not Plaintiffs' Accused Products infringe the '850 Patent. *Id*.

22.    Defendants have interfered with Plaintiffs' sales by accusing Plaintiffs of infringing the '850 Patent. And have the continued potential to result in a loss of sales for Plaintiffs.

**THE PATENT IN SUIT**

23.     The face of the '850 Patent indicates that it was filed on December 10, 2020, as U.S. Patent Application No. 17/247,425, and issued on May 28, 2024. Exhibit A, '850 Patent at cover page 1.

24.     The '850 Patent identifies one inventor on its face, Eli Zhadanov, Linden, NJ (US). *Id*.

25.     The '850 Patent purports to be directed to "Embodiments disclosed herein relate to a showerhead having a head portion; a handle extending from the head portion, the handle having an inlet disposed at an end of the handle opposite the head portion and a first channel extending through the handle; a faceplate disposed at a first side of the head portion; a plurality of nozzles extending through the faceplate; at least one first nozzle disposed in the head portion separate from the faceplate, a second nozzle adjacent to the at least one first nozzle; and a flow director having a second channel fluidly coupled to the first channel and moveable between a first position, a second position, and a third position to selectively direct a flow of water through a corresponding one of the plurality of nozzles, the at least one first nozzle, or the second nozzle." Exhibit A, '850 Patent at Abstract.

26.     The '850 Patent recites fifteen (15) claims, of which claims 1, 9 and 14 are independent.

**COUNT I: DECLARATORY JUDGMENT OF**

## NON-INFRINGEMENT OF THE '850 PATENT

27.     Plaintiff incorporates and re-alleges the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

28.     Defendants purport to be the owner of the '850 Patent with all right, title, and interest thereto.

29.     In its APEX request to Amazon, Defendants asserted that Plaintiffs' Accused Products infringe '850 Patent. See Exhibit B.

30.     Plaintiffs' Accused Products do not meet, either literally or under the doctrine of equivalents, every element of the Asserted Claim of the '850 Patent.

31.     Accordingly, Plaintiffs have not and do not infringe the Asserted Claim of the '850 Patent.

32.     For example, the Claim 1 of the '850 Patent claims "A showerhead, comprising: a head portion; a handle extending from the head portion, the handle having an inlet disposed at an end of the handle opposite the head portion and a first channel extending through the handle; a faceplate disposed at a first side of the head portion; a plurality of first nozzles extending through the faceplate; a second nozzle disposed in the head portion separate from the faceplate; a third nozzle disposed in the head portion separate from the faceplate adjacent to the second nozzle; a first plenum disposed within the head portion and fluidly coupled to the first nozzles; a second plenum disposed within

the head portion and fluidly coupled to the second nozzle; a third plenum disposed within the head portion and fluidly coupled to the third nozzle;…" See Exhibit A, p19. However, Plaintiffs' shower head Plaintiff's Product 1 has no plenum, cannot have a plenum, and has no need for a plenum, whereas the limitations in '850 Patent claim 1 include three plenums. In fact, the technical solution of Plaintiff's Product 1 is as follows (refer to the annotated pictures of Plaintiff's Product 1 below): The head portion 11of plaintiff's product 1 includes a positioning post 17 and an accommodating groove 18. The accommodating groove 18 has a first cavity 181 and a second cavity 182. The cover plate 21 is provided to cover the first cavity 181. The rotatable disc 22 is set within the head portion 11 and is positioned to cover the cover plate 21.





33.    For example, compare to the Claim 9 of the '850 Patent, the non-infringement arguments for Claim 1 are partially referenced here. This demonstrates that the substantial differences between the features of Plaintiff's Product 1and independent Claim 9 lie at least in the following aspects: 1) Plaintiff's Product 1 has no plenum, cannot have a plenum, and has no need for a plenum, whereas the limitations in claim 9 include three plenums. 2) Plaintiff's Product 1 does not include, cannot include, and has no need to include a flow director. Furthermore, the rotatable disc within Plaintiff's Product 1 is distinct from the flow director described in Claim 9, which features a second channel that is perpetually connected to the first channel. 3) The second nozzle and third

nozzle of Plaintiff's Product 1 direct water toward the second plane in different directions (*see* relevant pictures of Plaintiff's Product below), whereas the solution claimed in Claim 9 requires the second and third nozzles to both be directed in the second direction.





Furthermore, in contrast, the rotatable disc of Plaintiff's Product 1 does not have a second channel that is perpetually connected to the first channel. When Plaintiff's Product 1 is in the seventh position, the rotatable disc completely blocks the outlet of the first channel, thereby preventing water flow.    Additionally, the limitations in Claim 9 include a flow director (lever switch) and a pressure chamber switch for three water paths, with one path leading to a panel that allows the rotation of the panel to achieve multiple water functions with multiple nozzles. In contrast, Plaintiff's Product 1 does not specifically equip a pressure chamber. Instead, by merely rotating the panel to drive the rotating disc to seven positions, different water paths are switched to achieve

different water functions for multiple first nozzles, second nozzle water output, and two third nozzle water outputs. The structures of the two are entirely different.

34.    For example, compare to the Claim 14 of the '850 Patent, substantial differences between the features of Plaintiff's Product 1 and the limitations in Claim 14 are at least as follows: 1) Plaintiff's Product 1 has no plenum, cannot have a plenum, and has no need for a plenum, whereas the patent includes three plenums. 2) Plaintiff's Product 1 does not include, cannot include, and has no need to include a flow director. Additionally, the rotating disc within Plaintiff's Product 1 is distinct from the flow director described in the patent, which features a second channel that is perpetually connected to the first channel. 3) The second direction of water ejection by the second nozzle and the third direction of water ejection by the third nozzle of Plaintiff's Product 1 are not, cannot be, and have no need to be parallel to each other. Furthermore, in contrast, the rotating disc of Plaintiff's Product 1 does not have a second channel that is perpetually connected to the first channel. When Plaintiff's Product 1 is in the seventh position, the rotating disc completely blocks the outlet of the first channel, thereby preventing water flow. The limitations in Claim 14 include a flow director (lever switch) and a pressure chamber switch for three water paths, with one path leading to a panel that allows the rotation of the panel to achieve multiple water functions with multiple first nozzles. However, Plaintiff's Product 1 does not specifically equip a pressure

chamber. Instead, by merely rotating the panel to drive the rotating disc to seven positions, different water paths are switched to achieve different water functions for multiple first nozzles, second nozzle water output, and two third nozzle water outputs. The structures of the two are entirely different.

35.    An actual and justiciable controversy therefore exists between Plaintiffs and Defendants regarding whether Plaintiffs have infringed the Asserted Claim of the '850 Patent.

36.    A judicial declaration is necessary to determine the parties' respective rights with respect to the '850 Patent.

37.    Plaintiffs are entitled to a judgment declaring that it has not infringed and does not infringe at least the Asserted Claim of the '850 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on the Complaint as follows:

A.    A judgment that the Asserted Claim of the '850 Patent is not infringed by Plaintiffs or Plaintiffs' Accused Products;

B.    An order requiring Defendants to withdraw or retract its improper request to Amazon that will result in the de-listing of Plaintiffs' Accused Products;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285 and a concomitant award of Plaintiffs' reasonable attorney's fees, costs, and any expenses incurred by Plaintiffs in this action;

D.     An order awarding Plaintiffs its costs in filing and prosecuting this action; and

E.     Any other relief this Court deems just and proper under the circumstances.


DATED: December 10, 2024.


/s/ Carl Marquardt
Carl Marquardt (WSBA #23257)
**Law Office of Carl J. Marquardt, PLLC**
1126 34th Ave., Suite 311
Seattle, WA 98122-5137
Telephone: 206-388-4498
E-mail: carl@cjmpllc.com
*Attorney for Plaintiffs*
*Jiujiang Xiangmojin Trading Co., Ltd.,*
*Dongguan Weihuanya Trading Co., Ltd.,*
*Li Ling,*
*Hui'an Mubing E-commerce Co., Ltd.,*
*Yongzhou Qianliren Technology Co., Ltd.,*
*Xiantao Wensheng Technology Co., Ltd.,*
*Yongzhou Lengshuitan District Shanqu Trading Co., Ltd., and*
*Aqua Home Product Inc.*